UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KAREN LYNCH
470 Bobolink Avenue
Grafton, WI 53024,

    Plaintiff,

v.                         Case No: 14-CV-0772

JOHNSON CONTROLS, INC.
5757 North Green Bay Avenue     **JURY TRIAL DEMANDED**
Milwaukee, WI 53209,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Karen Lynch, by and through her counsel, Heins & Minko LLC, by Attorneys Janet L. Heins, Mark L. Snell, Erica N. Reib, and Michael J. Gentry, files this Complaint against Defendant Johnson Controls, Inc., and states as follows:

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has its principal place of business in this district.

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendant Johnson Controls, Inc. is a domestic corporation doing business in the State of Wisconsin and in interstate commerce with a principal office address of 5757 North Green Bay Avenue, Milwaukee, Wisconsin 53209.

5. Plaintiff Karen Lynch is an adult female resident of the State of Wisconsin with a post office address of 470 Bobolink Avenue, Grafton, Wisconsin 53024.

6. Plaintiff worked for Defendant within the last two years from the date of filing of this Complaint in the position of an alleged independent contractor.

7. Plaintiff began employment with Defendant in or around 2010 as program director for strategic meetings and travel under an alleged independent contractor agreement with her company, K. Lynch & Associates.

8. At all times relevant to this complaint, Plaintiff was paid a monthly retainer under a three-year contract with no benefits.

9. Because she was misclassified as an independent contractor instead of a salaried exempt employee, Plaintiff incurred unreimbursed business expenses from 2010-2013 that would not have been necessary for a salaried employee to incur.

10. Because she was misclassified as an independent contractor instead of a salaried exempt employee, Defendant did not provide Plaintiff with any employee benefits that it provided to others, including health and dental insurance, life and disability insurance, business travel and accident insurance, short- and long-term disability insurance, and a 401(k) employer match.

11. Because she was misclassified as an independent contractor instead of a salaried exempt employee, Plaintiff was not entitled to unemployment compensation upon being terminated from her position with Defendant.

12. Defendant controlled the details of Plaintiff's work as well as her hours and conditions of employment; she was not "in business" for herself in performing this work for Defendant, even though she was forced to incur unreimbursed business expenses while performing it.

13. Plaintiff was paid a flat retainer each month regardless of the amount of work she performed for Defendant, eliminating her ability to make a profit on the work.

14. Defendant terminated Plaintiff's alleged contract in May 2013.

15. Plaintiff estimates that her compensation was reduced by at least $100,000 over the years of 2010-2013 as a misclassified independent contractor instead of a salaried exempt employee of Defendant.

## FIRST CLAIM FOR RELIEF—FLSA MISCLASSIFICATION

16. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if fully restated herein.

17. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

18. Defendant violated the FLSA by failing to properly classify Plaintiff as an employee of Defendant.

19. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the times that she was present at Defendant's facilities as well as during times when she performed activities at other facilities pursuant to Defendant's direction.

20. Defendant's failure to properly compensate Plaintiff for all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable

3

grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages. Alternatively, should the Court find that Defendant did not act willfully, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

21. Plaintiff is entitled to damages for the three years prior to the filing of this complaint because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

a) Issue an Order directing and requiring Defendant to pay Plaintiff damages for unpaid compensation in an amount to be proved at trial;

b) Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of unpaid compensation.

c) Issue an Order directing and requiring Defendant to reinstate Plaintiff to her former position;

d) Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of backpay from the time of her termination until the date of her reinstatement;

e) Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of backpay damages awarded as a result of Defendant's unlawful termination of Plaintiff;

f) Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorneys' fees expended in the course of litigating this action under 29 U.S.C. § 216(b), pre-judgment and post-judgment interest; and

g) Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by a 12-person jury of all issues triable by jury under federal law.

Dated this 3rd day of July, 2014.

                                                    HEINS & MINKO LLC
Counsel for the Plaintiff

*s/ Janet L. Heins* .
Janet L. Heins, State Bar No. 1000677

HEINS & MINKO LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
E-mail: jheins@heinslawoffice.com